**EXHIBIT B**

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION
SECURITIES AND EXCHANGE         §
COMMISSION,                     §
                                §
              Plaintiff,        §
                                § Civil Action No. 3:07-CV-1188-D
VS.                             §
                                §
AMERIFIRST FUNDING, INC.,       §
et al.,                         §
                                §
              Defendants.       §
```

### ORDER GRANTING PRELIMINARY INJUNCTION
### AND OTHER EQUITABLE RELIEF

For the reasons set out in a memorandum opinion filed today, this order granting preliminary injunction and other equitable relief is entered pending further order of this court.

I

Defendants AmeriFirst Funding, Inc., AmeriFirst Acceptance Corp., Jeffrey C. Bruteyn, and Dennis W. Bowden (collectively, "defendants"), their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are restrained and enjoined as follows:

1. From making use of any means or instrumentalities of interstate commerce, or of the mails, or of any facility of a national securities exchange, directly or indirectly: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made,

Certified a true copy of an instrument
on file in my office on 08/08/07
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of securities.

2. In the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce, or of the mails, from directly or indirectly: (a) employing any device, scheme, or artifice to defraud; (b) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaging in any transactions, practices, or courses of business that operate or would operate as a fraud or deceit upon any purchaser or prospective purchaser.

3. From directly or indirectly (a) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell any securities in the form of investment contracts or any other security, through the use or medium of any offering document or otherwise, unless and until a registration statement is in effect with the Securities and Exchange Commission ("Commission") as to such securities; (b) carrying securities in the form of investment contracts or any

other security or causing them to be carried through the mails and in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities; or (c) making use of any means or instruments of transportation or communication in interstate commerce, or of the mails, to offer to sell, or to offer to buy, through the use or medium of any offering documents or otherwise, securities in the form of investment contracts or any other security, unless a registration statement has been filed with the Commission as to such securities, or while a registration statement filed with the Commission as to such securities is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h]; provided, however, that nothing in this part of the order applies to any security or transaction that is exempt from the provisions of Section 5 of the Securities Act [15 U.S.C. § 77e].

II

Defendants, and Relief Defendants American Eagle Acceptance Corp. and Hess Financial Corp. (collectively, "Relief Defendants"), their officers, agents, servants, employees, and attorneys, and all

persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are restrained and enjoined as follows:

1. From directly or indirectly making any payment or expenditure of funds, incurring any additional liability (including, specifically, by advances on any line of credit), or effecting any sale, gift, hypothecation, or other disposition of any asset, pending defendants' providing sufficient proof to the court that they have sufficient funds or assets to satisfy all claims arising from the violations of the federal securities laws alleged in Commission's complaint, or their posting a bond or surety sufficient to assure payment of any such claim. Further, any bank, trust company, broker-dealer, or other depository institution holding accounts for or on behalf of defendants and Relief Defendants shall make no transactions in securities (excepting liquidating transactions necessary as to wasting assets) and no disbursements of funds or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including specifically, any check, draft, or cashier's check) purchased by or for the defendants, pending further order of this court.

2. From destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any of their books and records

or any documents relating in any manner to the matters set forth in the Commission's complaint, or the books and records and documents of any entities under their control.

### III

1. To effectuate the provisions of this order, the Commission may cause a copy of this order to be served on any bank, savings and loan, or other financial or depository institution to restrain and enjoin any such institution from disbursing funds, directly or indirectly, to or on behalf of defendants, Relief Defendants, or any companies or entities under their control.

2. No later than 4:00 p.m. on the third business day after this order is filed with the clerk, defendants and Relief Defendants shall repatriate all funds obtained from the activities described in the Commission's complaint that are now located outside the jurisdiction of this court. Such funds shall be transferred or paid to the court-appointed Receiver ("Receiver"). Furthermore, with respect to any other asset owned by the defendants or Relief Defendants that is now located outside the jurisdiction of this court, including, specifically, any securities or real property, the defendants and Relief Defendants shall, no later than 4:00 p.m. on the third business day after this order is filed with the clerk, identify the location of such asset, the price paid or

consideration given, and the date upon which it was purchased. Securities or other personalty that can be readily moved or transferred, and titles or other documents reflecting ownership as to real property, must be delivered to the Receiver no later than 4:00 p.m. on the third business day after this order is filed with the clerk.

3. No later than 4:00 p.m. on the third business day after this order is filed with the clerk, defendants and Relief Defendants must make an accounting, under oath, that (1) details all monies and other benefits that each received, directly or indirectly, as a result of the activities alleged in the complaint (including the date on which the monies or other benefit was received and the name, address, and telephone number of the person paying the money or providing the benefit); (2) lists all current assets, wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the holdings); and (3) lists all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of a defendant or a Relief Defendant (including the name and address of the account holder and the account number) and the amount held in each account at any point during the period from January 1, 2005 through the date of the accounting.

IV

The July 2, 2007 order appointing a temporary receiver is continued in effect pending further court order.

**SO ORDERED.**

July 31, 2007.

*[signature]*
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE