**EXHIBIT C**

Case 4:07-mc-80175-DLJ   Document 2-4   Filed 08/10/2007   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § | Civil Action No. 3:07-CV-1188-D |
| VS. § § | |
| AMERIFIRST FUNDING, INC., et al., § § | |
| Defendants. § | |

### AMENDED ORDER APPOINTING TEMPORARY RECEIVER

On August 2, 2007 the court conducted a telephonic hearing on the July 27, 2007 motion of plaintiff Securities and Exchange Commission ("SEC") to amend receivership order. Counsel for the SEC, all parties named as defendants and Relief Defendants in the SEC's complaint, and the court-appointed Receiver entered appearances. Additionally, counsel for InterFinancial Holdings Corp., Hess International Properties, LLC, Hess International Investments, S.A., United Financial Markets, Inc., and Gerald Kingston (collectively "Additional Relief Defendants"), the Additional Relief Defendants added by the SEC's first amended complaint, entered appearances.

At the commencement of the hearing, counsel for the SEC and Additional Relief Defendants United Financial Markets, Inc. and Gerald Kingston announced that they had reached an accommodation under which the relief provided for in this order would be granted as to these two Additional Relief Defendants.

Counsel for the SEC, the Receiver, and the remaining Additional Relief Defendants were allowed to present argument.

Having considered the SEC's complaint and first amended complaint, supporting memoranda, declarations and exhibits thereto, and the arguments of counsel, this court finds that this

Exh. C
Pg 32

Certified a true copy of an instrument on file in my office on AUG - 8 2007
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

amended order appointing temporary receiver is both necessary and appropriate in order to prevent waste and dissipation of the assets of the defendants, Relief Defendants, and Additional Relief Defendants to the detriment of investors.

<u>Notwithstanding any term or provision of this order to the contrary, this order shall apply with respect to Additional Relief Defendant InterFinancial Holdings Corp. only to whatever interest InterFinancial Holdings Corp. may have in the real property (currently 58 acres) located on the Bay Islands in Roatan, Honduras.</u>

I

It is therefore ordered as follows:

1. This court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of defendants, relief defendants, or Additional Relief Defendants, or any entities controlled by defendants, Relief Defendants, or Additional Relief Defendants ("Receivership Assets"), and the books and records of the Defendants, Relief Defendants, and Additional Relief Defendants ("Receivership Records").

2. William D. Brown, C.P.A., Weaver and Tidwell, L.L.P., 12221 Merit Drive, Suite 1400, Dallas, Texas 75251-2280, telephone number (972) 448-6966, facsimile number (972) 702-8321, is appointed temporary receiver ("Receiver") for the Receivership Assets. The Receiver is hereby authorized to take and have possession of the Receivership Assets and Receivership Records. Until further order of this court, the Receiver shall have complete and exclusive control, possession, and custody of all Receivership Assets and Receivership Records.

3.  All persons, including Defendants, Relief Defendants, and Additional Relief Defendants, and their officers, agents, servants, employees, brokers, facilitators, attorneys, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and specifically including any bank or other financial or depository institution holding accounts for or on behalf of Defendants, Relief Defendants, or Additional Relief Defendants, or on which defendants, Relief Defendants, or Additional Relief Defendants are signatories, shall promptly deliver to the Receiver all Receivership Assets in the possession or under the control of any one or more of them and shall promptly surrender all Receivership Records. No separate subpoena shall be required. Upon presentment of this order, all persons, including financial institutions, shall provide account balance information, transaction histories, all account records and any other Receivership Records to the Receiver or his agents, in the same manner as they would be provided were the Receiver the signatory on the account. Further, any attorney holding on behalf of any defendant, Relief Defendant, or Additional Relief Defendant, any retainer or other deposit of money or asset for legal services or any other purpose—except for representation in connection with a pending or potential criminal proceeding—shall promptly deliver such moneys or assets to the Receiver.

4.  The Receiver is authorized, without breaching the peace and with the assistance of local peace officers or the United States Marshals Service, if necessary, to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of Receivership Assets or Receivership Records, including, but not limited to, the personal residences of and/or any other premises or real property owned, controlled or possessed by Defendants, Relief Defendants, or Additional Relief Defendants, such as 6717 Lakewood Blvd.,

Dallas TX, and 12248 Treeview Lane, Dallas, TX. Entries into personal residences shall be initiated only between the hours of 9:00 a.m. and 5:00 p.m. CDT, Monday through Friday, unless a resident with authority to grant permission authorizes an entry to be initiated before or after the period allowed by this order, or authorizes an entry on a Saturday or Sunday.

5. All persons, including Defendants, Relief Defendants, and Additional Relief Defendants, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receivership, or in any way disturbing the Receivership Assets and Receivership Records, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the court's prior permission. Any actions so authorized to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this court.

6. The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to Defendants, Relief Defendants, Additional Relief Defendants, or any company or entity under the direction or control of any of the defendants, Relief Defendants, or Additional Relief Defendants, to any Post Office box or other mail depository, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail, to determine the location or identity of assets or the existence and amount of claims.

7. The Receiver is hereby authorized to make from Receivership Assets such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance, or preservation of the Receivership Assets. From and after the date of entry of this order, the Receiver shall have the authority to conduct the business operations of

defendants, Relief Defendants, and Additional Relief Defendants, and the entities they control, including the collection of rents, note payments and insurance premiums, or continuation and termination or any employment arrangement and the terms thereof. The Receiver shall have the authority to contact and negotiate with any creditors of defendants, Relief Defendants, and Additional Relief Defendants for the purpose of compromising or settling any claim. To this purpose, in those instances in which Receivership Assets serve as collateral to secured creditors, the Receiver may surrender such assets to secured creditors, and shall have the authority to make such surrender conditional upon the waiver of any deficiency of collateral. Furthermore, the Receiver is authorized to renew, cancel, terminate, or otherwise adjust any agreements to which any of these defendants, Relief Defendants, or Additional Relief Defendants is a party.

8. The Receiver is hereby directed to file with this court and serve upon the parties, within 21 days after entry of this order (or, on the Receiver's request and for cause shown, at a later date), a preliminary report setting out the identity, location, and value of the Receivership Assets attributable to Relief Defendants InterFinancial, Hess LLC, Hess S.A., United Financial, and Kingston, any liabilities pertaining thereto and any assets of Relief Defendants InterFinancial, Hess LLC, Hess S.A., United Financial, and Kingston beyond the value of the assets received from defendants in the course of the events made the basis of this action. Further, at the time the Receiver makes such report, he shall recommend to the court whether, in his opinion, based on his initial investigation, claims against these Relief Defendants and Additional Relief Defendants should be adjudged in the bankruptcy court. After providing the parties an opportunity to be heard, this court will determine whether to accept the Receiver's recommendation and, if appropriate, issue an order authorizing the Receiver to commence a bankruptcy proceeding.

9. This order does not prohibit the prosecution of any civil action or other proceeding against defendants, Relief Defendants, or Additional Relief Defendants, including non-dischargeability proceedings and enforcement of any judgments obtained in such actions or proceedings, or effect the release of any claim asserted therein. However, to the extent judgment creditors or other claimants seek to prosecute an action or proceeding against the defendants, Relief Defendants, or Additional Relief Defendants, or to satisfy a judgment or claim from Receivership Assets, they will do so only with the prior permission of this court or the United States Bankruptcy Court, in the event the Receiver recommends, and the court approves, commencement of such a proceeding, and in accordance with an order of priority established by a plan of liquidation and distribution, or any automatic or other stay provided under the Bankruptcy Code.

10. The Receiver is hereby authorized to employ such employees, accountants, attorneys, and others as are necessary and proper for the collection, preservation, maintenance, and operation of the Receivership Assets and Receivership Records.

11. The Receiver is hereby authorized to receive and collect any and all sums of money due or owing to defendants, Relief Defendants, or Additional Relief Defendants, whether the same are now due or shall hereafter become due and payable, and is authorized to incur such expenses and make such disbursements as are necessary and proper for the collection, preservation, maintenance and operation of the Receivership Assets.

12. The Receiver is hereby authorized to institute, defend, compromise, or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of the Receivership Assets or proceeds therefrom, and, with the court's permission, to institute, prosecute, compromise, or adjust such

actions or proceedings in state or federal court as may in his judgment be necessary or proper for the collection, preservation and maintenance of the Receivership Assets.

13. With the court's permission, the Receiver is hereby authorized to institute actions or proceedings to impose a constructive trust, and obtain possession and/or recover judgment with respect to persons or entities who received assets or funds traceable to investor monies. All such actions shall be filed in this court.

14. At the Receiver's request, the United States Marshals Service is hereby authorized to assist the Receiver in carrying out his duties to take possession, custody, or control of, or identify the location of, any Receivership Assets or Receivership Records. The Receiver is authorized to remove any person from any premises or real estate constituting a Receivership Asset who attempts to interfere with the Receiver, his attorneys, or agents in the performance of their duties. The Receiver is also authorized to change any locks or other security mechanisms with respect to any premises or other assets that constitute Receivership Assets.

15. The Receiver shall keep the SEC apprised at reasonable intervals of developments concerning the operation of the Receivership, and shall provide to the SEC upon request any documents under the control of the Receiver.

16. The Receiver shall file on at least a quarterly basis an application for approval of the disbursements for professional fees and expenses to himself or others. Any and all costs incurred by the Receiver shall be paid from the Receivership Assets.

II

It is further ordered that this court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered, and directed to apply to this court, with notice to the

SEC and defendants, Relief Defendants, and Additional Relief Defendants for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this court.

III

This order will remain in effect until modified by further order of this court.

**SO ORDERED.**

August 2, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE