**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>VS.<br><br>AMERIFIRST FUNDING, INC., et al.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§ Civil Action No. 3:07-CV-1188-D<br>§<br>§<br>§<br>§<br>§<br>§ |

**SUPPLEMENTAL ORDER FREEZING ASSETS,
REQUIRING AN ACCOUNTING,
REQUIRING PRESERVATION OF DOCUMENTS,
REQUIRING REPATRIATION OF ASSETS,
AND AUTHORIZING EXPEDITED DISCOVERY**

On August 2, 2007 the court conducted a telephonic hearing on the July 27, 2007 application of plaintiff Securities and Exchange Commission ("SEC") for the issuance of an order freezing assets, requiring an accounting, requiring preservation of documents, requiring repatriation of assets, and authorizing expedited discovery. Counsel for the SEC, all parties named as defendants and Relief Defendants in the SEC's complaint, and the court-appointed Receiver entered appearances. Additionally, counsel for InterFinancial Holdings Corp., Hess International Properties, LLC, Hess International Investments, S.A., United Financial Markets, Inc., and Gerald Kingston (collectively "Additional Relief Defendants"), the Additional Relief Defendants added by the SEC's first amended complaint, entered appearances.

At the commencement of the hearing, counsel for the SEC and Additional Relief Defendants United Financial Markets, Inc. and Gerald Kingston announced that they had reached an accommodation under which the relief provided for in this order would be granted as to these two Additional Relief Defendants.

Exh. D
Pg 40

Certified a true copy of an instrument on file in my office on AUG 8 2007
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

Counsel for the SEC, the Receiver, and the remaining Additional Relief Defendants were allowed to present argument.

Having considered the SEC's complaint and first amended complaint, supporting memoranda, declarations and exhibits thereto, and the arguments of counsel, this court finds as follows:

1. This court has jurisdiction over the subject matter of this action and over all parties, and the SEC is a proper party to bring this action seeking the relief sought in its complaint.

2. There is good cause to believe that defendants have engaged, are engaged, and will continue to engage, in acts and practices that constitute and will constitute violations of §§ 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)]; and § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 US.C. § 78j(B)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

3. There is good cause to believe that investor funds and assets obtained by the Additional Relief Defendants from the unlawful activities described in the SEC's first amended complaint have been and will be misappropriated, wasted, or otherwise used to the detriment of investors. Furthermore, there is good cause to believe that the Additional Relief Defendants do not have sufficient funds or assets to satisfy the relief that might be ordered in this action.

4. There is good cause to believe that investor funds and assets obtained by the Additional Relief Defendants from the unlawful activities described in the SEC's first amended complaint may be outside the jurisdiction of this court, and that the Additional Relief Defendants may have assets outside the jurisdiction of this court.

5.  There is good cause to believe that the Additional Relief Defendants received investor funds and assets as a result of defendants' improper conduct.

6.  There is good cause to believe that an accounting is appropriate to determine the disposition of investor funds and to ascertain the total assets that should continue to be frozen.

7.  There is good cause to believe that it is necessary to preserve and maintain the business records of the Additional Relief Defendants from destruction.

8.  There is good cause to believe that it is necessary to order the repatriation of assets to assure the ability of the court to order the payment of disgorgement and civil money penalties as authorized.

9.  The timing restrictions of Fed. R. Civ. P. 26(d) and (f), 30(a)(2)(C), and 34 do not apply to this proceeding in light of the SEC's requested relief and its demonstration of good cause.

10. Expedited discovery is appropriate to permit a prompt and fair hearing on the SEC's motion for preliminary injunction and other equitable relief.

Pending further order of this court, it is therefore ordered as set forth in paragraphs I-VIII below.

<u>Notwithstanding any term or provision of this order to the contrary, this order shall apply with respect to Additional Relief Defendant InterFinancial Holdings Corp. only to whatever interest InterFinancial Holdings Corp. may have in the real property (currently 58 acres) located on the Bay Islands in Roatan, Honduras.</u>

I

The Additional Relief Defendants, and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them, who receive actual notice of this order

by personal service or otherwise, are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds (including charges on any credit card or draws on any other credit arrangement), and from assigning, conveying, transferring, encumbering, disbursing, dissipating, selling, hypothecating, or concealing any assets, monies, or other property owned by or in the actual or constructive possession of these Additional Relief Defendants, pending a showing to this court that they have sufficient funds or assets to satisfy all claims arising from the violations alleged in the first amended complaint, pending the posting of a bond or surety sufficient to assure payment of any such claim, or until further order of this court.

Further, any bank, savings and loan association, savings bank, commodities dealer, investment company, trust company, broker-dealer, or other financial or depository institution and investment company holding one or more accounts for or on behalf of the Additional Relief Defendants is hereby restrained and enjoined from engaging in any transaction in securities and shall make no transactions (excepting liquidating transactions necessary as to wasting assets), and no disbursements of funds or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including, specifically, any check, draft, or cashier's check) purchased by or for the Additional Relief Defendants, pending further order of this court. This provision shall continue in full force and effect until further order by this court and shall not expire.

II

All other individuals, corporations, partnerships, limited liability companies, and other artificial entities are hereby restrained and enjoined from disbursing any funds, securities, or other property obtained from the Additional Relief Defendants without adequate consideration.

III

To effectuate the provisions of paragraphs I and II above, the SEC may cause a copy of this order to be served on any bank, savings and loan, broker-dealer, or other financial or depository institution either by United States mail or by facsimile, as if such service were personal service, to restrain and enjoin any such institution from disbursing funds, directly or indirectly, to or on behalf of the Additional Relief Defendants, or any companies or persons or entities under their control.

IV

Additional Relief Defendants shall immediately repatriate all funds and assets obtained, directly or indirectly, from the activities described in the SEC's first amended complaint that are now located outside the jurisdiction of this court. Such funds shall be immediately transferred or paid to the Receiver. Furthermore, with respect to any other asset owned by the Additional Relief Defendants that is now located outside the jurisdiction of this court, including, specifically, any monies, securities, real property, or other assets, the Additional Relief Defendants shall—within two business days of receipt of the Receiver's written request —identify to the Receiver the location of such asset, the price paid or consideration given, and the date upon which it was purchased and/or received. Securities or other personalty that can be readily moved or transferred, and title or other documents reflecting ownership as to real property, shall—within two business days of receipt of the Receiver's written request—be delivered to the Receiver.

V

The Additional Relief Defendants shall make an interim accounting, under oath, within 14 days of the signing of this order, detailing by amount, date, method, and location of transfer, payee and payor, purpose of payment or transfer of: (1) all monies and other benefits that each received,

directly or indirectly, as a result of the activities alleged in the complaint (including the date on which the monies or other benefit was received and the name, address, and telephone number of the person paying the money or providing the benefit), (2) all current assets wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the holdings), and (3) all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of the Additional Relief Defendants (including the name and address of the account holder and the account number) and the amount held in each account at every monthly interval during the period from January 1, 2005, through the date of the accounting. The accounting shall be sufficient to permit a full understanding of the flow of investor funds from the investor to its present location, to the extent known by the Additional Relief Defendants or within their power to learn. The accounting and all documents reviewed in the course of the preparation thereof or otherwise pertaining thereto shall be delivered by facsimile or overnight courier to Jeffrey B. Norris, United States Securities and Exchange Commission, Fort Worth Regional Office, 801 Cherry Street, 19th Floor, Unit 18, Fort Worth, Texas 76102 by the deadline set forth above.

VI

The Additional Relief Defendants, and their officers, directors, agents, servants, employees, attorneys, and all persons in active concert or participation with them, including any bank, securities broker-dealer, or financial or depository institution, who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner any of their books and records or any documents

relating in any manner to the matters set forth in the SEC's first amended complaint, or the books and records and documents of any entities under their control, until further order of this court.

VII

A.  All parties may take depositions upon oral examination, and demand production of documents or other things, of parties and persons who are not parties, prior to the expiration of 30 days after service of the SEC's first amended complaint on the Additional Relief Defendants.

B.  All parties shall comply with the provisions of Fed. R. Civ. P. 45 regarding issuance and service of subpoenas, unless the provision of testimony or production of documents is agreed to by the person(s) subpoenaed.

C.  Pursuant to Fed. R. Civ. P. 30(a), all parties may take depositions upon oral examination, subject to 72 hours' notice.

D.  Pursuant to Fed. R. Civ. P. 34(b), the parties shall produce all documents requested within 72 hours of service of such request.

E.  All written responses to any party's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by facsimile or overnight courier to Jeffrey B. Norris, United States Securities and Exchange Commission, Fort Worth Regional Office, 801 Cherry Street, 19th Floor, Fort Worth, Texas, 76102, or such other place as counsel may direct.

VII

The United States Marshal in any district in which any Additional Relief Defendant resides, transacts business, or may be found is authorized and directed to make service of process at the request of the SEC.

VIII

The SEC is authorized to serve process on, and give notice of these proceedings and the relief granted herein to, the Additional Relief Defendants by U.S. Mail or by any other means authorized by the Federal Rules of Civil Procedure.

IX

Because this order is being entered after notice and a hearing, it will remain in effect pending further order of the court and entry of a scheduling order for adjudicating the merits of the relief granted. Any party who is subject to the terms and conditions of this order, however, may move for relief from the order. Any such a motion will be determined under the terms and conditions of a schedule to be established by separate court order.

**SO ORDERED**.

August 2, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE